# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| OSCAR BERMUDEZ and § <br> SA POLO, INC. § <br> § <br> v. § <br> § <br> INDEMNITY INSURANCE COMPANY § <br> OF NORTH AMERICA and TIN TOP § <br> INSURANCE AGENCY, LLC. § | Civil Action No. 4:20-cv-538 <br> Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Remand and Award of Attorneys' Fees (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that it should be denied.

### BACKGROUND

Plaintiffs Oscar Bermudez and SA Polo, Inc., both citizens of Texas, initially brought this action in the 462nd Judicial District Court of Denton County, Texas. The events leading to the litigation began with Plaintiffs engaging Tin Top Insurance Company, LLC ("Tin Top"), a Texas citizen,[1] to help them procure insurance to cover their property in Aubrey, Texas (Dkt. #8 at p. 2). Indemnity Insurance Company of North America ("IINA"), a Pennsylvania citizen, issued and sold the insurance policy to Plaintiffs (Dkt. #8 at p. 2). Following a storm that caused damage to their property, Plaintiffs submitted a claim to IINA under the policy (Dkt. #1, Exhibit 7 at p. 3). IINA denied the claim (*see* Dkt. #1, Exhibit 10 at p. 2).

---

[1] "For purposes of diversity, the citizenship of a limited liability company . . . is determined by considering the citizenship of all the members . . . ." *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, 4:15CV704, 2016 WL 1046270, at *1 (E.D. Tex. Mar. 16, 2016). The Notice of Removal states that Tin Top is a "Texas limited liability company whose members are citizens of the State of Texas" (Dkt. #1 at p.1). Tin Top confirms as much and is therefore a citizen of Texas for diversity purposes (*see* Dkt. #10 at p. 2).

In their original complaint filed in state court on May 7, 2020, Plaintiffs only sued Tin Top, alleging that Tin Top (1) breached a contract to provide adequate insurance coverage for Plaintiffs; (2) committed negligence by not obtaining the insurance coverage requested by Plaintiffs; and (3) negligently misrepresented to Plaintiffs that the insurance policy provided protection against storm damage. Tin Top answered with a general denial of all claims. On May 27, 2020, Plaintiffs amended their complaint, realleging the same causes of action against Tin Top and asserting related but distinct claims against IINA. IINA answered with a general denial of all claims. On July 9, 2020, Tin Top filed a motion to dismiss Plaintiffs' amended complaint.

Four days later, IINA removed the action to federal court (Dkt. #1). On August 11, 2020, Plaintiffs' filed their Motion for Remand and Award of Attorneys' Fees (Dkt. #8). On August 25, 2020, IINA and Tin Top filed their respective responses (Dkts. #9–10). On September 8, 2020, Plaintiffs replied to IINA's and Tin Top's responses (Dkts. #14–15). On September 14, 2020, Plaintiffs filed a Motion for Leave to File a Brief Supplemental Reply in Support of Their Motion to Remand (Dkt. # 18). On September 15, 2020, IINA and Tin Top filed their respective sur-replies (Dkts. #21–22). On September 16, 2020, the Court granted Plaintiffs' Motion for Leave to File a Supplemental Reply (Dkt. #18), deeming Plaintiffs' reply filed (Dkts. #19, 23).

## LEGAL STANDARD

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). As such, district courts are duty-bound "to ensure the existence of subject matter

jurisdiction before reaching the merits of a case." *Small v. Zarvona Energy LLC*, No. CV H-20-1572, 2020 WL 2771188, at *1 (S.D. Tex. May 28, 2020); *see Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) ("In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction."). Courts "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (brackets omitted) (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

### I. Improper Joinder

It is undisputed that Plaintiffs, both Texas citizens, and IINA, a Pennsylvania citizen, have diversity of citizenship (*see* Dkt. #1 at p. 1; Dkt. #8 at p. 2). Accordingly, IINA invoked the Court's diversity jurisdiction to remove this action to federal court (Dkt. #1 at pp. 3–4). In doing so, IINA asserted that the *proper* parties are completely diverse and Tin Top could not be considered for diversity purposes because it is improperly joined to the action (Dkt. #1 at pp. 3–4). In response, Plaintiffs moved to remand the case to the 462nd Judicial District Court, claiming that Tin Top is properly joined and diversity of citizenship is, therefore, lacking (*see* Dkt. #8 at pp. 7, 10–13). The Court turns now to this issue to determine if subject matter jurisdiction exists.

A defendant may remove a civil action from state court to a federal district court if the

federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *accord Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Congress grants federal courts original jurisdiction over civil actions in which diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity statute requires parties "to allege 'complete diversity.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)); *see Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) ("While the rule of complete diversity is not of constitutional dimensions, the established judicial construction of the general diversity statute requires complete diversity." (citation omitted)). Parties are completely diverse when "*each* defendant is a citizen of a different State [than] *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Courts only consider the citizenship of "real and substantial parties" to the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citing *McNutt v. Bland*, 43 U.S. (2 How.) 9, 15 (1844)); *see SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 939–40 (5th Cir. 2018). Courts determine this jurisdictional question "by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990); *see Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction.").

Relatedly, Congress prohibits district courts from "exercising jurisdiction over a suit in which any party . . . has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)

(citing 28 U.S.C. § 1359).  If a party is "improperly joined,"[2] then that party is not considered "real and substantial" for purposes of the action.  Accordingly, courts "may disregard the [improperly joined] party's citizenship" when analyzing a motion for remand.  *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

A party seeking removal based on improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.  "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)); *see Smallwood*, 385 F.3d at 577 (explaining that the defendant must demonstrate "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" for a court to find improper joinder). "In deciding whether a party was improperly joined," courts "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).  If "any doubt about the propriety of removal" remains, the ultimate resolution must favor remand. *Gasch*, 491 F.3d at 281–82.

In cases like the one currently before the Court,

---

[2] In the past, courts used the term "fraudulent joinder," not "improper joinder." *See, e.g.*, *In re Norplant Contraceptive Products Liab. Litig.*, 889 F. Supp. 271, 274 (E.D. Tex. 1995).  The Fifth Circuit has made clear that these phrases are substantively identical. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 n.1 (5th Cir. 2019).

5

>to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should "conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quoting *Smallwood*, 385 F.3d at 573).  The Court now proceeds with its 12(b)(6) analysis of Plaintiffs' claims against Tin Top to determine whether Tin Top is improperly joined.[3]

Because *Smallwood* is "*the* authoritative source of [the Fifth Circuit's] improper-joinder analysis" and requires courts to use the "12(b)(6)–type analysis," the Court "appl[ies] the federal pleading standard embodied in that analysis."  *See id.* at 207–08.  The Federal Rules of Civil Procedure require each claim in a complaint to include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must also include enough factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Highland Capital Mgmt., L.P. v. Bank of Am., Nat. Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When a plaintiff's complaint fails to state a claim upon which relief can be granted, an opposing party may move for dismissal of the action.  FED. R. CIV. P. 12(b)(6).

Appropriate consideration of a 12(b)(6) motion requires all well-pleaded facts in the complaint to be accepted as true and viewed in the light most favorable to the plaintiff.  *Bowlby v.*

---

[3] When a "plaintiff's complaint 'misstate[s] or omit[s] discrete facts that would determine the propriety of joinder,' . . . court[s] may instead 'pierce the pleadings and conduct a summary inquiry.'"  *Flagg*, 819 F.3d at 136 (quoting *Smallwood*, 385 F.3d at 573).  The Court declines to do so here.  *See Angelina's Mexican Rest. v. Allied Ins. Co. of Am.*, 4:20-CV-278, 2020 WL 4001864, at *3 n.3 (E.D. Tex. July 15, 2020) ("This decision is entirely within the Court's discretion.").

*City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). Courts are limited in their review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Determining whether the complaint states a claim for relief that is plausible on its face is the next step. A facially plausible claim "exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). But if the well-pleaded facts preclude the Court from "infer[ring] more than the mere possibility of misconduct," then the complaint has not shown that the pleader is entitled to relief. *Huawei Techs. USA, Inc. v. United States*, 440 F. Supp. 3d 607, 627 (E.D. Tex. 2020) (internal quotations marks omitted) (quoting *Iqbal*, 556 U.S. at 679).

In *Iqbal*, the Supreme Court established a two-step approach for assessing a complaint's sufficiency in the 12(b)(6) context. First, courts should identify and disregard conclusory allegations because they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, courts "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Conducting a 12(b)(6) analysis is a contextual endeavor, and the Court "is entitled to 'draw on its judicial experience and common sense.'" *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 348 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679). For a complaint "[t]o survive a motion to dismiss, [it] must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).

After consideration of Plaintiffs' claims against Tin Top, the Court is unconvinced that the claims survive 12(b)(6) scrutiny.  Plaintiffs assert claims for breach of contract, negligence, and negligent misrepresentation against Tin Top.  To support those claims, Plaintiffs' plead that Tin Top, among other things, entered into a contract with Plaintiffs to secure insurance coverage for Plaintiffs' property; failed to properly identify and obtain insurance coverage for the property; and misrepresented that the insurance coverage obtained for Plaintiffs sufficiently covered the events on which the litigation centers.  These are simply boilerplate legal allegations without *factual* matter supporting them.  Though Plaintiffs assert correctly that an insurance agent may be held individually liable under the asserted theories of recovery, *see, e.g.*, *Critchfield v. Smith*, 151 S.W.3d 225 (Tex. App.—Tyler 2004, pet. denied) (breach of contract); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690 (Tex. App.—San Antonio 1998, no pet.) (negligence); *Rainey-Mapes v. Queen Charters, Inc.*, 729 S.W.2d 907 (Tex. App.—San Antonio 1987, writ dism'd by agr.) (negligent misrepresentation), they did not plead sufficient factual matter in their amended petition to support claims against Tin Top capable of withstanding scrutiny under Rule 12(b)(6).  *See, e.g.*, *Helayas Logistics LLC v. Stineman*, No. 4:20-CV-210, 2020 WL 1939187, at *4–5 (E.D. Tex. Apr. 22, 2020).

Having determined that Plaintiffs fail to allege sufficient factual matter to state a facially plausible claim against Tin Top, the Court finds Tin Top improperly joined to the action.  As a result, the only "real and substantial" parties—Plaintiffs and IINA—are completely diverse, and the Court has diversity jurisdiction over this action.

## II.     Award of Attorneys' Fees

Plaintiffs additionally argue that the Court, under 28 U.S.C. § 1447(c), should award them "costs, expenses, and attorneys' fees incurred" resulting from these proceedings (Dkt. #8 at p. 12). Because the Court declines to remand this action to state court, Plaintiffs are not entitled to these costs, expenses, and attorneys' fees as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Remand and Award of Attorneys' Fees (Dkt. #8) is **DENIED**.  It is further **ORDERED** that Defendant Tin Top is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

SIGNED this 16th day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE