# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| OSCAR BERMUDEZ and § <br> SA POLO, INC. § <br> § <br> v. § <br> § <br> INDEMNITY INSURANCE COMPANY § <br> OF NORTH AMERICA and TIN TOP § <br> INSURANCE AGENCY, LLC. § | Civil Action No. 4:20-cv-538 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Reconsideration or Clarification (Dkt. #25). Having considered the motion and the relevant pleadings, the Court finds that it should be denied.

### BACKGROUND

This case came before the Court when Defendants Tin Top Insurance Company, LLC ("Tin Top") and Indemnity Insurance Company of North America ("IINA") removed the action that Plaintiffs Oscar Bermudez and SA Polo, Inc. initially filed in state court (Dkt. #1). On August 11, 2020, Plaintiffs' filed their Motion for Remand and Award of Attorneys' Fees (Dkt. #8). On August 25, 2020, IINA and Tin Top filed their respective responses (Dkts. #9–10). On September 8, 2020, Plaintiffs replied to IINA's and Tin Top's responses (Dkts. #14–15). On September 14, 2020, Plaintiffs filed a Motion for Leave to File a Brief Supplemental Reply in Support of Their Motion to Remand (Dkt. # 18). On September 15, 2020, IINA and Tin Top filed their respective sur-replies (Dkts. #21–22). On September 16, 2020, the Court granted Plaintiffs' Motion for Leave to File a Supplemental Reply (Dkt. #18), deeming Plaintiffs' reply filed (Dkts. #19, 23). And on that same day, the Court denied Plaintiffs' Motion for Remand and Award of Attorneys' Fees (Dkt. #24).

The following day, Plaintiffs filed their Motion for Reconsideration or Clarification (Dkt. #25), which is currently before the Court. On October 1, 2020, IINA and Tin Top filed their respective responses (Dkts. #27–28). On October 6, 2020, Plaintiffs filed their Reply in Support of Plaintiffs' Motion for Reconsideration (Dkt. #29). On October 13, 2020, IINA filed its Sur-Reply in Opposition to Plaintiffs' Motion for Reconsideration (Dkt. #30).

## LEGAL STANDARD

Even though the "'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it [is] one of the more popular indoor courthouse sports at the district court level." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (quoting *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)); see *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*."), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Motions to reconsider serve the "very limited purpose . . . [of] 'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 3671370, at *1 (E.D. Tex. June 30, 2017) (quoting *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002)). Granting a motion to reconsider "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

"Mere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp.*, 571 F. Supp. 2d at 738 (citing *Krim*, 212 F.R.D. at 332). Moreover, parties should present their strongest arguments upon initial consideration of a matter—motions for reconsideration cannot serve as vehicles for parties to "restate, recycle, or rehash arguments

that were previously made." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *3 (E.D. Tex. Aug. 10, 2020) (citing *Krim*, 212 F.R.D. at 332); *see Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("[M]otions for reconsideration 'should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.'" (brackets and ellipsis omitted)). A "district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

## ANALYSIS

The manifest error Plaintiffs' Motion alleges is that the Court's remand analysis utilized an incorrect standard for improper joinder, one which is "not faithful to *Smallwood*" (Dkt. #25 at p. 2). Specifically, Plaintiffs argue that instead of engaging the *Smallwood* framework that calls for a "12(b)(6)-type analysis," the Court follows a "trend" of substituting the "*Twombly*/*Iqbal*" analysis, which Plaintiffs maintain is the incorrect standard (Dkt. #24 at p. 2; Dkt. #29 at p. 2). Plaintiffs' argument is wrong for two reasons.

First, precedent plainly contradicts their position. The Fifth Circuit squarely addressed the overlap between the *Smallwood* improper-joinder analysis and *Twombly*/*Iqbal* decisions in *International Energy Ventures Management, L.L.C. v. United Energy Group, Inc. See* 818 F.3d 193, 203–09 (5th Cir. 2016). There, the panel explained that "the so-called Rule 12(b)(6)–type analysis . . . is shorthand for the federal pleading standard itself." *Id.* at 203. At the time the Fifth Circuit decided *Smallwood*, "the *Conley* opinion verbalized th[e] federal pleading standard." *Id.; see Conley v. Gibson*, 355 U.S. 41 (1957). Since then, *Conley* has been "supplanted by . . . the

*Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* opinions." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 203.  But contrary to Plaintiffs' argument here, because "[t]he *Smallwood* opinion instructs [courts] to apply the Rule 12(b)(6)–type analysis" and such analysis "is inseparable from the federal pleading standard," then "this is an instruction to apply the federal pleading standard" under *Twombly/Iqbal*. *Id.* at 204.  Moreover, as recently as September 2020, the Fifth Circuit has interpreted *Smallwood* and its progeny to mean that "district court[s] conduct[] a Federal Rule of Civil Procedure 12(b)(6) analysis" to "determine whether the plaintiff can establish a cause of action against the non-diverse defendant." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020).  Plaintiffs' argument is directly at odds with Fifth Circuit caselaw.

Second, even if the Court was inclined to agree with Plaintiffs' position advanced in their Motion, it would not be within the Court's power to rule in any other fashion.  As an inferior federal court, the Court is bound by Fifth Circuit precedent. *See Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. CIV. A. 304-CV-0669B, 2005 WL 6225305, at *5 (N.D. Tex. Oct. 14, 2005).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Reconsideration or Clarification (Dkt. #25) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of October, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4